### ROGERS *vs.* LAWRENCE *et al.*

Under the facts of this case, there was no error in granting a new trial.

April 13, 1887.

New Trial. Before Judge BRANHAM. Chattooga Superior Court. September Term, 1886.

Reported in the decision.

J. M. BELLAH; DEAN & EWING, by HARRISON & PEEPLES, for plaintiff in error.

MADDOX & SHROPSHIRE; W. M. HENRY, by brief, for defendants.

BLANDFORD, Justice.

D. M. Rogers, the father of the plaintiff in error, bought from Thompson Hiles two mules, and gave him his note for $300, and a mortgage on the mules to secure the payment of the note. D. M. Rogers had purchased from one Berry a tract of land, and paid part of the purchase money and executed his note to Berry for the balance; and Berry gave him a bond for titles. Rogers, being indebted to one Wyley, transferred this bond to Wyley as security. He was also indebted to Hiles in another sum, besides that which the mortgage was given to secure; and was likewise indebted to Cleghorn. Hiles and Cleghorn, at the instance of Rogers, obtained from Wyley a transfer of the bond for titles as security. While things were in this condition, Rogers negotiated with Lawrence, the defendant in error, and agreed that Lawrence should have the land for $2,350. Lawrence was to pay Rogers' debts to Hiles, Cleghorn and Wyley. The bond for titles from Berry to Rogers was then transferred to Lawrence; and Lawrence also took a transfer, on the 29th of December, 1883, of the note and mortgage on the mules, which had been given by Rogers to Hiles.

W. N. Rogers, the plaintiff in error, testifies that he had a conversation with Hiles (at what time he does not state), in which Hiles told him that he (Hiles) had nothing against his father or him; and that relying on this statement of Hiles, he purchased one of the mules. Hiles testifies that after he had transferred the mortgage to Lawrence, he had a conversation with W. N. Rogers, in which he stated that he had nothing against his father; that it had all been settled and the papers transferred to Lawrence. This is not explicitly denied by Rogers.

It appears that there was a defective foreclosure of this mortgage, and that the mule in question was sold by the sheriff, and purchased by Lawrence for $125. W. N. Rogers brought an action of trover against Lawrence for the

mule, and recovered $125, the value of the mule, and $50 hire.

A motion for new trial was made, and the court ordered a new trial, unless the plaintiff, Rogers, would write off the $125, the value of the mule, under a certain equitable plea Lawrence had filed, setting up that he was the owner of this mortgage, and that the mule had been sold and he had purchased it; and that in equity he was entitled to have the value of the mule entered as a credit. The plaintiff refused to write off this sum, and excepted to the order granting a new trial.

Under the facts of this case, which are somewhat conflicting and not very easily understood, we do not think the court committed any error in granting a new trial. If it is true that Hiles transferred this mortgage to Lawrence before he had ever given W. N. Rogers to understand that it had been satisfied, and if at the time of that conversation Lawrence was the owner of the mortgage, then Hiles could not take away the interest which Lawrence had as transferee of the mortgage. The evidence shows that Lawrence made a *bona fide* purchase of the mortgage and paid value for it. This being so, we think the court was right in granting a new trial, and the judgment is therefore affirmed.